IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH RODRIGUEZ,

    Petitioner,

vs.

ROSANNE CAMPBELL, et al.,

    Respondents.

No. CIV S-01-0476 DFL JFM P

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his April 10, 2001 amended petition, petitioner claims that his rights to due process and equal protection were violated by the failure of the California Board of Prison Terms (Board) to find petitioner suitable for parole at his initial parole consideration hearing.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

    Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

/////

1

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

Petitioner claims that his rights to due process and equal protection were violated by the Board's failure to set a parole release date at his initial parole consideration hearing.

A. <u>Subject Matter Jurisdiction</u>

Respondents first contend that the court lacks subject matter jurisdiction over petitioner's claims because the claims do not present "substantial federal questions" sufficient to invoke the court's jurisdiction. With respect to the specific claims, respondents contend (1) petitioner has no liberty interest in a parole date and hence no due process protection attached at the parole consideration hearing; and (2) the California state courts' adjudication of petitioner's claim was not contrary to federal law.

Respondents' first contention is without merit. The United States Court of Appeals for the Ninth Circuit has held that California's statute governing parole "creates in every inmate a cognizable liberty interest in parole which is protected by the procedural safeguards of the Due Process Clause." <u>Biggs v. Terhune</u>, 334 F.3d 910, 914 (9th Cir. 2003). Petitioner's due process claims are properly before the court.

B. <u>Petitioner's Equal Protection Claim</u>

Petitioner has not alleged that the denial of parole was predicated on his membership in a suspect class, nor does his claim implicate fundamental constitutional rights. <u>See</u> <u>Glauner v. Miller</u>, 184 F.3d 1053, 1054 (9th Cir. 1999). Accordingly, to state a cognizable claim for violation of his equal protection rights guaranteed by the Fourteenth Amendment petitioner must allege that he was treated differently from other similarly situated inmates. <u>See</u> <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). Put another way, petitioner must demonstrate that prisoners convicted of second degree murder based on similar circumstances have been released on parole. This he has not done.

To the extent that petitioner argues that by finding him unsuitable, the Board is making him serve a sentence that is longer than that prescribed for similar crimes of second degree murder, his claim also fails. "The Constitution permits qualitative differences in meting out punishments and there is no requirement that two persons convicted of the same offense receive identical sentences." <u>Williams v. Illinois</u>, 399 U.S. 235, 243 (1970). Parole

considerations require only a rational relationship to legitimate state interests. McGinnis v. Royster, 410 U.S. 263, 270 (1973). Accordingly, petitioner's equal protection claims should be dismissed.

### C. Biased and Arbitrary Decision

Petitioner contends that because the Board did not consider certain factors that the Board considered in other inmates' Board hearings, his due process rights were violated because the Board was biased in denying him parole, and the Board was arbitrary in its decision-making process. Petitioner has not provided evidence in support of his conclusory allegations of a biased decision-maker. His "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir.)(1994). Petitioner has not demonstrated how the Board panel that heard his case was biased and arbitrary in reaching the decision in petitioner's case.

Rather, petitioner has attempted to demonstrate only that the Board was biased and arbitrary because other Board panels considered factors petitioner claims his panel did not. However, as noted above, petitioner has failed to show that the other inmates to whom petitioner compares himself were similarly situated; that is, that those inmates were convicted of second degree murder based on similar circumstances and have been released on parole.

In addition, taking one or even a few factors from other inmate's parole hearing decisions does not demonstrate that these inmates were similarly situated with petitioner. For example, Mr. McIlvain was 46 at the time of his hearing, had been a former police officer, and during his incarceration had "successfully rejected any identification with the 'convict' type role model." (Amended Pet., Ex. B, at 69.) Mr. McIlvain also improved educationally and participated in programming while incarcerated. (Id. at 67.) Mr. McIlvain lacked a criminal history of any prior crime. (Id.) Mr. McIlvain "maintained positive institutional behavior throughout his 14 years of incarceration, which indicate[d] significant improvement and self-control." (Id.) Mr. McIlvain also had "numerous letters supporting his release, most from the

4

law enforcement community." (Id.) Comparing these factors to those considered by petitioner's Board panel demonstrates that petitioner and Mr. McIlvain were not similarly situated. (See Section D, infra; see also Amended Pet., Ex. A at 45-46.)

Petitioner's conclusory allegations that his Board panel was biased and arbitrary in reaching the decision in his case are not persuasive. Determining suitability for parole in California is a predictive process and the prediction is based on more than simply the commitment offense. See 15 Cal.Code Regs. § 2402(b);[1] see also Greenholtz, 442 U.S. at 8, 10. Due process is not offended by such a system.

D.  Merits

1. Failure to Set a Parole Release Date at the Initial Parole Consideration Hearing

As noted in his traverse, petitioner's main claim is that his right to due process was violated by the Board's failure to find petitioner suitable for parole at his initial parole consideration hearing. (Traverse at 3.) A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts, see Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), and is unavailable for alleged errors in the interpretation or application of state law, see Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Liberally construed, the gravamen of petitioner's first claim for relief is that the Board was required to set a parole date at his initial parole consideration hearing because he has a liberty interest in the possibility of parole that was part of his prison sentence and because state law does not authorize the setting of a parole date at any other time. To the extent that the claim

---

[1] Title 15 Cal.Code Regs. § 2402(b) provides: "All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability." Id.

1   is predicated on state law, it is not cognizable in this federal habeas corpus proceeding.[2] To the

2   extent that the claim is construed to implicate a liberty interest in the possibility of parole that

3   attached to petitioner's prison sentence, it must be rejected because it is based on an erroneous

4   interpretation of state law.  California law provides for subsequent parole consideration hearings

5   at which a parole date may be set, see California Penal Code § 3041.5(b)(2).[3]

6           For the foregoing reasons, petitioner's first claim for relief should be denied.

7           2.  Evidence to Support the Board's October 14, 1999 Decision

8           In his traverse, petitioner claims the Board failed to consider all evidence in

9   support of his parole.  Petitioner appears to challenge the sufficiency of the evidence relied on by

10  the Board in its October 14, 1999 decision finding petitioner unsuitable for parole for a period of

11  five years.  As noted above, petitioner has a liberty interest in parole protected by the Due

12  Process Clause of the Fourteenth Amendment.  Biggs, at 914.  "In the parole context, the

13  requirements of due process are satisfied if 'some evidence' supports the decision."  Id. at 915.

14          The October 14, 1999 decision challenged herein was made at an initial parole

15  consideration hearing.  (See Exhibit A to Amended Petition, filed April 10, 2001.)  At the

16  conclusion of the hearing, the panel found petitioner not suitable for parole based on the

17  following factors:  (1) petitioner's commitment offense and its nature; (2) petitioner's previous

18  record of inflicting or attempting to inflict serious injury on a victim; (3) petitioner's record of

19  "violence and assaultive behavior"; (4) petitioner's "escalating pattern of criminal conduct and a

20  history of tumultuous relationships," his failure "to profit from society's previous attempts to

21  correct [his] criminality," including probation and county jail time, and his unstable social history

22  and his "adherence to the gang lifestyle and prior criminality, which included arrests for battery,

---

[2] It is also wrong.  State law provides for subsequent parole consideration hearings at which a parole date may be set.  See California Penal Code § 3041.5(b)(2).

[3] In a footnote, petitioner states: "[d]ue to Gov. Gray Davis' 'no-parole policy' this court should set a parole date." (Am. Pet. at 10, n.7.)  Petitioner has not alleged, either in the instant action or in the state courts, that his constitutional rights were violated by this alleged policy.

two misdemeanor battery, one on a person on school grounds and the other battery on a person, possession of a deadly weapon, a driving under the influence arrest and the commitment offense; (5) petitioner's limited programming while incarcerated, including "failure to upgrade educationally" and "failure to demonstrate evidence of positive change"; (6) petitioner's misconduct while incarcerated, including three serous 115 disciplinary reports and eight 128A counseling reports. (Exhibit A at 45-46.)  The panel found that petitioner "needs therapy in order to face, discuss, understand, and cope with stress in a nondestructive manner" and recommended that petitioner, inter alia, "become disciplinary free," and, if available, to "upgrade vocationally and educationally," and also if available to "participate in self-help and therapy programming." (Id. at 48.)

        Petitioner claims the Board failed to consider his 1999 psychiatric report, where petitioner's dangerousness assessment was "below average in comparison to other inmates." (Traverse at 9.)  Petitioner also claims the Board failed to review other factors in support of his release:  (1) petitioner did not have a juvenile record, (2) petitioner has a stable social history because he has maintained close ties with family while in prison via letters and visits, (3) that the crime petitioner committed was an accident because he didn't realize there were bullets in the gun; (4) petitioner's age of 35 in 1999 demonstrated reduced probability of recidivism; (5) petitioner had realistic plans for his future; his father had offered him employment and a place to live; (6) petitioner's work reports have been above satisfactory; he has received two laudatory chronos, "on one occasion he has been respectful and shown a good attitude towards a correctional officer," (Traverse at 8) and "on another occasion he completed the ethics work shop and participated in the Anger Control Management Program." (Traverse at 8.)  Petitioner claims he does not present a threat to public safety.

        However, these aspects of petitioner's claim for relief are not properly considered as part of petitioner's due process challenge.  The only relevant inquiry is whether there was "some evidence" to support the Board's decision to deny parole. See Biggs, supra.

7

> California law allows the Board to consider a myriad of factors when weighing the decision of granting or denying parole. Parole may be denied if the Board "determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for [the] individual." Cal. Penal Code § 3041(b). Additionally, the Board can consider all relevant information including potential threats to public safety, whether the offense was carried out in a manner which demonstrates exceptionally callous disregard for human life, and whether the prisoner engaged in misconduct while in jail. 15 Cal. Code of Regs. § 2402(c)(6); See In re Ramirez, 94 Cal.App.4th 549, 565-67, 114 Cal.Rptr.2d 381 (2001).

Biggs, at 915.[4]

---

[4] Section 2402.6 of Title 15 of the California Code of Regulations provides in relevant part:

> Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.
>
> (c) Circumstances Tending to Show Unsuitability. The following circumstances each tend to indicate unsuitability for release. These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate unsuitability include:
>
> (1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or

8

1 　　　　　The record reflects that there was some reliable evidence before the Board to

2 support each of the cited factors. The summary of petitioner's commitment offense given by the

3 Board was taken from a May 1999 Life Prisoner Evaluation Report that relied on the Probation

4 Officer's Report prepared in connection with the commitment offense.[5] (Administrative Record

5 ("AGO"), lodged May 20, 2005, at 028.) That is sufficient to support the Board's description of

6 petitioner's commitment offense.

7 　　　　　Petitioner's criminal history is summarized in the Life Prisoner Evaluation Report

8 submitted by respondents. (AGO at 030-31.) Those summaries reflect misdemeanor convictions

9 for battery on a person on school property and battery in 1983; a misdemeanor conviction of

10 possession of a dangerous weapon in 1985, for which he served 15 days in county jail; and a

11 /////

---

　　　　　separate incidents.

　　　　　(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.

　　　　　(C) The victim was abused, defiled or mutilated during or after the offense.

　　　　　(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

　　　　　(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

　　　　　(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

　　　　　(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.

15 Cal. Code Regs. § 2402.6. The factors cited by the Board and challenged by petitioner are all within the scope of the regulatory guidelines and were properly considered by the Board.

　[5] Petitioner's disagreed with the description of the offense at the parole hearing. (Id. at 9.) Petitioner does not challenge the description of the underlying offense herein.

9

conviction of reckless driving in 1988, for which he served 8 days in county jail. (AGO at 030.) There is sufficient evidence to support the Board's description of petitioner's criminal history.

For all of the foregoing reasons, this court cannot find that the state court's denial of petitioner's claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court authority. The petition should be denied.

III. <u>Petitioner's Other Requests</u>

In his amended petition petitioner asked the court to, *inter alia*, grant discovery or an evidentiary hearing if this court needed additional information to make a ruling. In light of the above findings, these requests will be denied.

Petitioner also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that petitioner's April 10, 2001 request for discovery, request for evidentiary hearing and request for appointment of counsel are denied without prejudice.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 2, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

001
rodr0476.157